WAYNE F. McJUNKIN, doing business as McJunkin Truck and Bus Line, v. RAILROAD COMMISSION, and LEGH R. POWELL, JR., and HENRY W. ANDERSON, as Receiver of and for SEABOARD AIR LINE RAILWAY COMPANY, a Railroad Corporation.

165 So. 368.

Opinion Filed January 20, 1936.

*Stanton Walker,* for Relator;

*T. T. Turnbull* and *W. J. Oven,* for Respondents.

TERRELL, J.—In October, 1935, the Railroad Commission, pursuant to hearing on application for a certificate of public convenience and necessity, entered its Order No. 795, Docket No. 216, authorizing Respondent to operate motor vehicle, common carrier, passenger and property service over State Highway No. 13 between Fernandina and Yulee, Florida.

The order of the Railroad Commission is based on testimony and exhibits adduced at the hearing held October 15, 1935. We are now urged to review the propriety of that order on petition for writ of certiorari.

The salient facts supproting the petition are these: Relator, Wayne McJunkin, owned and operated a common carrier bus and truck service between Fernandina and Jacksonville, via Yulee, Florida, and held a certificate of public convenience and necessity from the Respondent, Railroad Commission, authorizing said service. Prior to 1931 Respondent, Seaboard Air Line Railway Company, operated two passenger trains carrying passengers and express between Fernandina and Yulee. In 1931 the Railroad Company discontinued this passenger service and in October of that year entered into contract with McJunkin to take it over and handle it on the basis of two round trips per day. The contract provided for the purchase of additional equipment and recognized the right of McJunkin to carry other passengers, freight, and express under his existing common carrier certificate. When the Railroad Company applied for the certificate granted by the order under review it served notice on McJunkin of the cancellation of its contract with him dated October 19, 1931, which had been in effect for a period of years and was subject to cancellation on notice at any time. The practical effect of the order

complained of was to permit the Railroad Company to substitute its own motor service on Highway No. 13 for that of its agent, the Relator, which had been in operation for a period of years under a contract subject to cancellation.

The Relator contends that Order No. 795 was improvidently granted because it amounted to an additional new service and proof of public convenience and necessity was not shown as required by law, that the order does not clearly show that it authorized a temporary and limited service rather than an additional new one, and that due consideration was not given by the Commission to the service now furnished by Relator over the same highway.

We have examined the order and briefs of counsel and we construe the order to permit the Seaboard Air Line Railway Company for reasons of economy to discontinue certain of its trains operating between Fernandina and Yulee and to substitute therefor a depot to depot service along said line by motor transportation until such time as the business of the railroad company would in the judgment of the Railroad Commission cause it to resume train service.

Having reached this conclusion on the facts stated, the doctrine announced in Central Truck Line, Inc., v. Railroad Commission of Florida, 118 Fla. 526, 160 So. 22, would rule the instant case. The record warranted the order complained of so the motion is denied.

Motion for certiorari denied.

WHITFIELD, C. J., and ELLIS, BROWN and DAVIS, J. J., concur.

BUFORD, J., concurs specially.

BUFORD, J. (concurring specially).—I concur in the conclusion reached in the opinion prepared by Mr. Justice TERRELL because I think that the opinion and judgment in the case of Central Truck Lines, Inc., v. Railroad Commis-

sion of Florida, 118 Fla. 160 Sou. 22, established the rule of law in this State governing the issues presented in this case.

Personally, I am still of the opinion that the law as enunciated in that case is unsound and that it was never intended that railroad companies would be allowed to substitute truck and bus service on highways in lieu of railroad transportation without first procuring certificates of convenience and necessity for such service on the public highways.

The opinion in this case, however, conforms to the law as promulgated in the Central Truck Lines, Inc., case, *supra*. Therefore, I yield my personal views and concur in the conclusion reached.